Voto particular disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez.
Por las razones que exponemos a continuación, entende-mos que la mayoría se ha equivocado al denegar la expedi-ción del presente recurso. El recurso de epígrafe plantea una cuestión de derecho que somos de la opinión debe ser resuelta por el Tribunal.
*79 El peticionario presentó una solicitud de reconsidera-ción ante la Oficina de Etica Gubernamental en el término de veinte días que la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico dis-pone para ello. 3 L.P.R.A. sec. 2165. Sin embargo, pasados los quince días que la misma ley establece para ser re-suelta una solicitud de reconsideración, la Oficina de Etica Gubernamental nada hizo. El día número veinticuatro, y en el término de treinta días que el peticionario tenía para presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones, la Oficina de Etica Gubernamen-tal denegó la solicitud de reconsideración en una extensa resolución:
RESOLUCION EN RECONSIDERACIÓN
La audiencia del caso de epígrafe se celebró el 17 de diciem-bre de 2010, fecha en que quedó sometido para su adjudicación final. El 4 de enero de 2011, la Oficina de Etica Gubernamen-tal de Puerto Rico (OEG) emitió la correspondiente Resolu-ción, mediante la cual impuso al querellado, Sr. Francisco R. Zayas Seijo, una multa administrativa de $3,500. Esto, por incurrir en violaciones a los artículos 3.2(a) de la Ley de Etica Gubernamental y al (sic) a los artículos 6(A)(1) y (3) del Re-glamento de Etica Gubernamental. El archivo en autos de co-pia de dicha Resolución se llevó a cabo el 11 de enero de 2011.
El 31 de enero de 2011, la parte querellada presentó una MOCION DE RECONSIDERACION, en la que solicita la des-estimación de la querella. En su escrito señala que la OEG cometió los siguientes errores:
(1) Concluir que el querellado violó el artículo 3.2(a) de la Ley de Ética Gubernamental, citada, por haber desacatado el artículo XIV (e) y el artículo XV (e) de la Ordenanza número 99, Serie 2004-2005, “Reglamento de gastos de viajes, dietas, gastos de representación y uso de tarjetas de crédito del Mu-nicipio Autónomo de Ponce” (29 de abril de 2005).
(2) Concluir que el querellado infringió el artículo 6(A)(1) y (3)del Reglamento de Ética Gubernamental, citado, ya que el querellado no utilizó fondos públicos para un fin privado.
Ante estos argumentos, sostenemos lo resuelto en la Reso-lución emitida. Por lo tanto, se deniega la solicitud de recon-sideración presentada.
De conformidad con la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, *80 según enmendada, la parte adversamente afectada por esta Resolución podrá acudir directamente al Tribunal de Apelacio-nes en revisión judicial, dentro del término de treinta (30) días del archivo en auto de la resolución emitida. La notificación del recurso de revisión deberá efectuarse conforme a lo dis-puesto en el Art. 35 de las Reglas de Procedimiento para Vistas Adjudicativas de la OEG, Núm. 4749, aprobadas el 5 de agosto de 1992, la sección 4.2 de la L.P.A.U., 3 L.P.R.A. § 172, y la Regla 13(B) del Reglamento del Tribunal de Apelaciones.
REGISTRESE Y NOTIFIQUESE.
En San Juan, Puerto Rico, a 24 de febrero de 2011.
(fdo.) Leda. Ana T. Ramírez Padilla
Subdirectora Ejecutiva
(Énfasis suprimido.) Apéndice de la Petición de certiorari, págs. 61-60.
Entendemos, a diferencia de la mayoría, que la Resolu-ción en Reconsideración emitida por la Oficina de Etica Gubernamental el 24 de febrero de 2011 no constituyó una denegatoria de plano. Esto, toda vez que, no sólo se hizo un resumen de la querella de la cual se solicitaba reconside-ración, sino que también se atendieron los señalamientos de error y se advirtió al peticionario sobre su derecho a acudir directamente al Tribunal de Apelaciones en revisión judicial, dentro del término de treinta días del archivo en autos de la resolución. En este sentido, es claro que tuvo el efecto de interrumpir el término para acudir en revisión al Tribunal de Apelaciones.
El profesor Javier Echevarría Díaz, citando a este Tribunal, ha señalado que “todos los organismos administra-tivos poseen la facultad inherente para reconsiderar sus órdenes y decisiones en cualquier momento siempre que ejerzan esa acción antes que pierda jurisdicción sobre el caso”. J. Echevarría Díaz, Derecho Administrativo Puerto-rriqueño, San Juan, Ed. SITUM, 2009, pág. 212, citando a Kelly Temporary Services v. F.S.E., 142 D.RR. 290 (1997). De igual manera hemos determinado que “D.A.Co. podía actuar sobre una moción de reconsideración fuera del tér-mino de 15 días dispuesto por esta sección, siempre y *81 cuando no haya transcurrido el término para acudir en re-visión de apelación”. Flores Concepción v. Taino Motors, 168 D.P.R. 504 (2006).
De los autos se desprende que la Oficina de Etica Gu-bernamental no había perdido jurisdicción al momento de emitir la Resolución de Reconsideración de 24 de febrero de 2011. También se desprende que esa Resolución de Recon-sideración no fue denegada de plano, por lo cual tuvo el efecto de interrumpir el término para recurrir en revisión ante el Tribunal de Apelaciones.
Por las razones expuestas, disentimos de la mayoría y expediríamos el recurso presentado.